IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN JAY LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 C 1182 |
| v. ) | |
| ) | |
| MICHAEL J. McDERMOTT, JEREMY SCOTT ) | |
| BRENMAN, SOLITA PANDIT, RICHARD ) | |
| CENAR, and MARSHALL LIBERT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Pro se Plaintiff Kevin Jay Long brings this action against Defendants Michael McDermott, Jeremy Scott Brenman, Solita Pandit, Richard Cenar, and Marshall Libert based on violations of 42 U.S.C. § 1983 and Illinois law. Previously, the Court granted Defendants' motion to dismiss Defendants Brennan, Pandit, Libert, and Cenar based on absolute immunity. The Court also dismissed Count I of Long's First Amended Complaint. Construing his pro se First Amended Complaint liberally, as the Court is required to do, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), Long's remaining claims include (1) false arrest in violation of Section 1983, and the state law claims of (2) false arrest (3) malicious prosecution, and (4) civil conspiracy. The remaining Defendant is Officer Michael McDermott. Before the Court is Defendant McDermott's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants Defendant McDermott's motion and dismisses this action in its entirety.

## BACKGROUND

### I. Northern District of Illinois Local Rules

Because Long is a pro se litigant, Defendant served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois, Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

When determining summary judgment motions, the Court derives the background facts from the parties' Northern District of Illinois Local Rule 56.1 statements. The Local Rules provide parties with specific details as to how litigants in the Northern District of Illinois should approach summary judgment motions and responses. Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Local Rule 56.1(b)(3) requires the non-moving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial.

Furthermore, the parties' statements must contain short numbered paragraphs including references to the affidavits, parts of the record, and other supporting material. *Malec v. Sanford,* 191 F.R.D. 581, 583-85 (N.D.Ill. 2000); *see also Bradley v. Work,* 154 F.3d 704, 708 (7th Cir. 1998) (courts need to know basis of evidentiary information to determine whether evidence properly admissible). Also, because the fact section of the parties' legal memoranda provides context to the lawsuit and informs the Court of the circumstances giving rise to the dispute, the Court discourages litigants from citing to their Local Rule 56.1 Statement in lieu of a separate

"Statement of Facts" in their legal memoranda. *See id.* at 585-86.

As Defendant correctly asserts, Long has failed to comply with the Local Rules. The Court also notes that although courts construe pro se pleadings liberally, a plaintiff's pro se status does not absolve him from complying with the Local Rules. *Greer v. Board of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (pro se litigants must follow clear procedural rules). Accordingly, the Court deems as admitted Defendant's Local Rule 56.1 statements that Long has failed to properly contest. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

## II. Relevant Undisputed Facts

On September 3, 2001, Chicago Police Officers, including Defendant Michael McDermott, arrested Plaintiff Kevin Jay Long for Public Indecency and Lewd Exposure. (R.23-1, Def.'s Local Rule 56.1 Statement ¶ 3.) Subsequent to his arrest, Long sent Officer McDermott a written threat. (*Id.* ¶ 4). This written threat included an excerpt from a newspaper article that was glued to the envelope. (*Id.* ¶ 5). This excerpt quoted President Bush from a speech given at a service for those who died in the 9/11 terrorist attacks and stated: "The nation is peaceful, but fierce when stirred to anger. This conflict was begun on the timing of terms of others; it will end in a way and hour of our choosing." (*Id.* ¶¶ 5-6).

Upon receipt of the letter and without opening it, Officer McDermott immediately notified his Watch Commander due to the letter's threatening nature. (*Id.* ¶ 7.) The FBI opened the envelope. (*Id.*) Officer McDermott interpreted the statement on the envelope as a threat, and thus Officer McDermott filed an intimidation case report against Long. (*Id.* ¶¶ 8-9.) On January 8, 2002, police officers arrested Long and charged him with Aggravated Intimidation pursuant to

720 ILCS 5/12-6.2. (*Id.* ¶ 10.)

The State's aggravated intimidation case against Long was scheduled for a hearing on February 22, 2002, along with another misdemeanor complaint pending against Long for indecent exposure. (*Id.* ¶ 11.) While in the courtroom, a Deputy Sheriff admonished Long for his argumentative and loud behavior and requested that he leave the building after his case was continued to another date. (*Id.* ¶ 12.) Officer McDermott, who was scheduled to testify against Long that day, left the courtroom to check on his other court cases for that day. (*Id.* ¶¶ 11, 13.) At that time, Long followed Officer McDermott out of the courtroom and threatened Officer McDermott by stating: "You are a joke; I'm going to get you." (*Id.* ¶ 14.) Another Deputy Sheriff overheard Long make this threat to Officer McDermott. (*Id.*) Officer McDermott then arrested Long and advised him of his *Miranda* rights. (*Id.* ¶ 15.) While Officer McDermott was transporting Long to the 25th District Police Station located within the same building as the courthouse, Long threatened Officer McDermott again, stating, "if you testify against me or put me in jail I will kill you." (*Id.* ¶ 16.)

On March 26, 2002, a Cook County Grand Jury indicted Long on aggravated intimidation charges. (*Id.* ¶ 17.) On December 4, 2003, Officer McDermott testified in the Circuit Court of Cook County as to the aggravated intimidation charges against Long. (*Id.* ¶ 18.) On December 19, 2003, Long prevailed on his motion for a directed verdict on the aggravated intimidation charge and was acquitted. (*Id.* ¶ 19.) The Circuit Court concluded that the State's evidence was insufficient to satisfy the "beyond a reasonable doubt" standard of proof. (*Id.*) The Circuit Court, however, stated that her ruling did not address the issue of probable cause. (*Id.* ¶ 20.)

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion, instead the non-moving party must present definite, competent evidence to rebut the summary judgment motion. *See Vukadinovich v. Board of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (quotation and citation omitted).

### II. Federal False Arrest/False Imprisonment Claim (Count II)

To prevail on a Fourth Amendment false arrest or false imprisonment claim, a plaintiff must establish that the police arrested him without probable cause. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003); *see also Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) ("essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause"). To establish probable cause for an arrest, " law enforcement agents must reasonably believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect had committed or was committing an offense." *Payne v. Pauley*, 337 F.3d 767,

775 (7th Cir. 2003) (citation omitted). "The test is an objective one and evaluates whether probable cause existed on the facts as they appeared to a reasonable police officer, even if the reasonable belief of that officer is ultimately found to be incorrect." *Id.*

Here, Officer McDermott contends that there was probable cause to arrest Long for the crime of aggravated intimidation. The Court agrees. Under the Illinois statute, the elements of aggravated intimidation include:

> (a) A person commits the offense of aggravated intimidation when he or she commits the offense of intimidation and:
>
> ...
>
> > (3) the following conditions are met:
> >
> > > (A) the person knew that the victim was: (i) *a peace officer*, (ii) a correctional institution employee, (iii) a fireman; or (iv) a community policing volunteer; and
> > >
> > > (B) the offense was committed: (i) while the victim was engaged in the execution of his or her official duties; or (ii) *to prevent the victim from performing his or her official duties;* (iii) in retaliation for the victim's performance of his or her official duties; or (iv) by reason of any person's activity as a community policing volunteer.

720 ILCS 5/12-6.2 (emphasis added); *see also* R.23-1, Ex. 7, Grand Jury Indictment.

The undisputed facts indicate that after Officer McDermott arrested Long for indecent exposure and lewd behavior, Long mailed a threatening letter to Officer McDermott. In fact, the FBI opened the letter due to the threatening language on the outside of the envelope. On the day that Officer McDermott was scheduled to testify against Long concerning his aggravated intimidation charge, Long told Officer McDermott that he was a joke and that he was going to

6

"get him." In support of this comment's threatening nature, the record also reveals that after Officer McDermott arrested Long on that day, Long stated, "if you testify against me or put me in jail I will kill you." Under these circumstances and based on the facts as perceived by Officer McDermott, a reasonable police officer could have arrested Long for aggravated intimidation.

Long argues that his statement "You are a joke; I am going to get you" is protected speech under the First Amendment. Indeed, the Supreme Court has stated that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). There is some language directed at police officers, however, that the First Amendment does not protect, including speech that is "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* (citation omitted).

Based on this precedent and the facts in this case, the Court concludes that Long's statement, "You are a joke; I am going to get you" constitutes more than just a challenge or criticism of Officer McDermott. Long made this threatening comment on the day Officer McDermott planned to testify against him concerning the original aggravated intimidation charge. Also, Long made this statement after he sent a threatening letter to Officer McDermott. Simply put, Long's threats are not protected by the First Amendment just because he made them instead of physically threatening Officer McDermott. *See United States v. Wilson,* 154 F.3d 658, 666 (7th Cir. 1998).

Because the Court concludes that Officer McDermott had probable cause to arrest Long, his Fourth Amendment false arrest and false imprisonment claims fail. The Court, therefore,

dismisses Count II of the First Amended Complaint.

## III. State Law False Arrest/False Imprisonment (Count III)

Because the Court concludes that Officer McDermott had probable cause to arrest Long, his false arrest and false imprisonment claims based on Illinois law in Count III must also fail. *See Karow v. Student Inns, Inc.,* 43 Ill.App.3d 878, 881, 2 Ill.Dec. 515, 357 N.E.2d 682, 686 (1976). Therefore, the Court dismisses Count III as a matter of law.

## IV. State Law Malicious Prosecution (Count IV)

Defendant contends that because Long filed his state law malicious prosecution claim more than a year after the alleged injury, Long's claim is barred by the statute of limitations for claims against public entities and their employees. *See* 745 ILCS 10/8-101. A cause of action for malicious prosecution accrues after the criminal proceeding on which it was based has been terminated in plaintiff's favor. *Ferguson v. City of Chicago,* 213 Ill.2d 94, 289 Ill.Dec. 679, 820 N.E.2d 455, 460 (Ill. 2004). On December 19, 2003, the Circuit Court of Cook County granted Long's directed verdict with respect to his aggravated intimidation charge. Long filed his original complaint against Officer McDermott with the Court on February 17, 2004. Therefore, Long's malicious prosecution claim is not barred by the statute of limitations because he filed the present action within the one-year limitations period. The Court thus turns to whether Long has fulfilled the elements of malicious prosecution under Illinois law.

To establish malicious prosecution, Long must show that the State's Attorney brought the underlying action (1) maliciously and without probable cause, (2) that the suit was terminated in his favor, and (3) that there was a "special injury" beyond the usual expense, time, or annoyance in defending a lawsuit. *See Ferguson,* 820 N.E.2d at 461; *Cult Awareness Network v. Church of*

*Scientology Int'l*, 177 Ill.2d 267, 226 Ill.Dec. 604, 685 N.E.2d 1347, 1350 (1997). To establish a special injury, Long must prove some quantifiable damage-causing characteristic of the underlying lawsuit. *Levin v. King,* 271 Ill.App.3d 728, 732, 208 Ill.Dec. 186, 648 N.E.2d 1108, 1111 (Ill.App.Ct. 1995).

Long makes no arguments regarding his malicious prosecution claim, let alone establish what damages the aggravated intimidation prosecution caused. In fact, Long did not allege any "special injury" in Count IV of his First Amended Complaint. In sum, Long has not presented evidence upon which a reasonable jury could find that Defendants maliciously prosecuted the aggravated intimidation claim against him. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (summary judgment appropriate when plaintiff fails to establish existence of element essential to his case on which he bears burden of proof at trial.) Finally, the Court notes the obvious – Long has failed to establish another element of malicious prosecution, namely, that the State's Attorney brought the aggravated intimidation claim against Long without probable cause. Therefore, the Court dismisses Count IV of the First Amended Complaint as a matter of law.

## V.    State Law Conspiracy Claim (Count V)

Because Long's claims of false arrest and malicious prosecution fail, Long has not established that an unlawful act occurred. Therefore, Long's civil conspiracy theory that Officer McDermott knowingly and voluntarily participated in a scheme to commit an unlawful act must also fail. *See McClure v. Owens Corning Fiberglas Corp.,* 188 Ill.2d 102, 132-33, 241 Ill. Dec. 787, 720 N.E.2d 242, 258 (Ill. 1999). Therefore, the Court dismisses Count V as a matter of law.

## CONCLUSION

For these reasons, the Court grants Defendant's Motion for Summary Judgment.

Dated: February 8, 2005

                      **ENTERED**

                      _____
                      **AMY J. ST. EVE**
                      **United States District Court Judge**